

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL HUMPHREY, | No. 14-56634 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-04035-GAF-DTB |
| v. | |
| RANDY GROUNDS, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted May 3, 2016**
Pasadena, California

Before: BYBEE and N.R. SMITH, Circuit Judges and STEIN,*** District Judge.

Michael Humphrey appeals the district court's denial of his 28 U.S.C.

§ 2254 habeas petition challenging his conviction for second degree robbery. He

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

argues he did not waive his *Miranda* rights knowingly. *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Our review of Humphrey's appeal is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-32, 110 Stat. 1214. Specifically, Humphrey must establish that the state court's decision resulted in an unreasonable application of clearly established Federal law or an unreasonable determination that he knowingly waived his *Miranda* rights. *See* 28 U.S.C. §§ 2254(d)(1), (d)(2); *see also United States v. Liera*, 585 F.3d 1237, 1246 (9th Cir. 2009) (finding that whether a *Miranda* waiver was made knowingly is a question of fact). In determining whether the state's decision was unreasonable, "we look to the state's last reasoned decision" on the merits of the claim being appealed. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). Here, the state's last reasoned decision on the merits of Humphrey's *Miranda* claim was the California Court of Appeal's unpublished opinion in *People v. Humphrey*, No. B178172, 2005 WL 2844804 (Cal Ct. App. Oct. 31, 2005).

Humphrey has failed to establish that the California Court of Appeal unreasonably determined that he waived his *Miranda* rights knowingly. The California Court of Appeal based its decision on the "totality of the

circumstances." *Humphrey*, 2005 WL 2844804, at *3; *see United States v. Bernard S.*, 795 F.2d 749 (9th Cir. 1986) ("Whether there has been a valid [*Miranda*] waiver depends on the totality of the circumstances, including the background, experience, and conduct of defendant."). The court determined that Humphrey had waived his *Miranda* rights knowingly, because Humphrey was advised of his *Miranda* rights multiple times, read them aloud himself, signed the waiver, and, when asked by an investigating officer whether he wanted to speak, told the officer "no." *Humphrey*, 2005 WL 2844804, at *2-3. The court further noted that "[t]here [was] no evidence of physical or psychological pressure." *Id*. at *3.

Contrary to Humphrey's arguments, the court did not discount Cowardin's testimony, but recounted it at length. The court based its decision, in part, on Cowardin's testimony that—if it were true that Humphrey had told the officer that he did not wish to speak—Humphrey likely understood that he was waiving his rights. *Id*. Additionally, Cowardin testified that Humphrey's mental skills were higher when the police questioned him than when she assessed him in jail nine months later. *Id*.

The court did not base its decision solely on the fact that Humphrey had refused to speak with the investigating officer, or that Humphrey had attempted to conceal evidence of the offense, but instead considered these facts as part of the totality of the circumstances. *Id*.

3

Humphrey has also failed to establish that the California Court of Appeals decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

**AFFIRMED**.